IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENVEO CORPORATION | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 06-CV-2632 |
| GEORGE SLATER, ET AL. | : | |
| | : | |
| Defendants | : | |

**<u>MEMORANDUM OPINION & ORDER</u>**

GOLDEN, J.                                                                                   FEBRUARY 12, 2007

  Defendant Jones & Carpenter filed a Rule 12(b)(6) motion to dismiss Count III of plaintiff Cenveo Corporation's second amended complaint for failure to state a claim, and defendants George and Patrick Slater subsequently joined in the motion. Count III of the complaint is for conversion and seeks damages for "property and confidential information" that defendants allegedly misappropriated, including "artwork and other files, confidential pricing information, [confidential business proposals], confidential quality control procedure document[s], and a laptop." <u>See</u> Second Amd. Compl. at ¶ 24. Count IV of the complaint is for violation of Pennsylvania's Uniform Trade Secrets Act ("PTSA"), 12 PA. CONS. STAT. ANN. §§ 5301-5308, and seeks damages for misappropriation of "confidential pricing information." <u>See</u> Second Amd. Compl. at ¶ 28.

  Defendants claim that the conversion count is preempted by the trade secrets count. Plaintiff counters that dismissal is inappropriate at this juncture because the Court has yet to make a finding as to whether the allegedly misappropriated information rises to the level of a trade secret as defined by the statute.

**STANDARD OF REVIEW**

Because this matter is before the Court on a Rule 12(b)(6) motion, defendants bear the burden of proof.  See Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  For purposes of such a motion, the Court will accept the allegations in plaintiff's complaint as true, and draw all reasonable inferences in plaintiff's favor.  See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996).  The Court need not inquire whether plaintiff will ultimately prevail, only whether plaintiff is entitled to offer evidence in support of its claims.  See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).  Plaintiff's claims will thus be dismissed only if it appears that plaintiff could prove no set of facts entitling it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**THE UNIFORM TRADE SECRETS ACT**

Pennsylvania enacted the PTSA in February of 2004.  The PTSA allows for the recovery of damages for actual losses and unjust enrichment resulting from the misappropriation of a trade secret, and provides for an award of exemplary damages in an amount of twice the award of actual and unjust enrichment damages.  See 12 PA. CONS. STAT. ANN. § 5304.  The PTSA also provides for recovery of attorney's fees and costs.  See 12 PA. CONS. STAT. ANN. § 5305.  The PTSA defines a "Trade Secret" as "[i]nformation, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that:  (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and "(2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  12 PA. CONS. STAT. ANN. § 5302.

Section 5308 addresses the PTSA's effect on other law, stating that "this chapter displaces conflicting tort, restitutionary and other law of this Commonwealth providing civil remedies for misappropriation of a trade secret," with the exception of " (1) contractual remedies, whether or not based upon misappropriation of a trade secret; (2) other civil remedies that are not based upon misappropriation of a trade secret; or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." 12 PA. CONS. STAT. ANN. § 5308. It is interpretation of the second exception – "other civil remedies that are not based on misappropriation of a trade secret" – that is before the Court.

## CASE LAW

Defendants cite to a line of cases holding that trade secrets acts like the PTSA preempt common law tort claims, including conversion. See Bliss Clearing Niagra, Inc. v. Midwest Brake Bond Co., 270 F. Supp. 2d 943, 949-50 (W.D. Mich. 2003) (holding that Michigan Uniform Trade Secrets Act preempts conversion claim); Mortgage Specialists, Inc. v. Davey, 904 A.2d 652, 664 (N.H. 2006) (holding that New Hampshire Uniform Trade Secrets Act preempts conversion claim).[1]

In Bliss, plaintiff, an industrial clutch developer, brought a claim against an industrial clutch manufacturer for, *inter alia*, violation of the Michigan Uniform Trade Secrets Act[2] and common law conversion. Bliss, 270 F. Supp. 2d at 944. Plaintiff alleged that it had provided

---

[1] See also Ethypharm S.A. France v. Bentley Pharm., 388 F. Supp. 2d 426, 433 (D. Del. 2005); Auto Channel, Inc. v. Speedvision Network, LLC, 144 F. Supp. 2d 784, 789 (W.D. Ky. 2001); Thomas & Betts Corp. v. Panduit Corp., 108 F. Supp. 2d 968, 971 (N.D. Ill. 2000).

[2] Like the PTSA, the Michigan act provided that it was intended to displace "conflicting tort, restitutionary, and other law," excepting civil remedies not based on misappropriation, contractual, and criminal remedies. See MICH. COMP. LAWS § 445.1908.

defendant with plans for an industrial clutch it was developing pursuant to a confidentiality agreement in order to obtain a quote from defendant for manufacturing the proposed clutch.  Id.  Defendant allegedly used plaintiff's plans to manufacture and sell its own version of plaintiff's clutch, thus giving rise to the suit.  Id.  As in this case, defendant filed a motion to dismiss plaintiff's conversion claim as preempted, and plaintiff responded that it was inappropriate to dismiss the claim because the court had yet to determine whether the information at issue constituted a trade secret.  Id. at 947.  The court dismissed the conversion claim as preempted, holding that "the disputed status of information as a trade secret does not preclude a court from determining whether a claim or claims are displaced by the [Michigan Trade Secrets Act]."  Id. at 949-50.

The Bliss court relied in large part upon Learning Curve Toys, L.P. v. Playwood Toys, Inc., 1999 WL 529572 (N.D. Ill. July 20, 1999).  Applying Illinois law, Learning Curve reasoned that plaintiff's common law conversion claim could not survive because the purpose of the Illinois Trade Secrets Act was "to codify all the various common law remedies for theft of ideas."  Id. at *3.  The Bliss court also quoted from a Seventh Circuit Court of Appeals decision stating that "[u]nless defendants misappropriated a (statutory) trade secret, they did no legal wrong."  Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1265 (7th Cir. 1992) (per curiam).  Based on this precedent, the Bliss court concluded that the owner of confidential information has no actionable property right in that information unless it qualifies as a trade secret under the Michigan Trade Secrets Act.  Bliss, 270 F. Supp. 2d at 949.  Under Bliss and its progeny, it is immaterial whether or not the information in question is a trade secret for purposes of a motion to dismiss, because conversion of material not rising to the level of a trade

secret is unprotected, and conversion of material receiving trade secret protection is solely actionable under a trade secrets claim.

For its part, plaintiff relies on an alternate line of cases holding that uniform trade secrets acts do not preempt conversion and other common law claims.  See Roger Dubois N. Am., Inc. v. Thomas, 2006 WL 2645149, at *4 (M.D. Pa. Sept. 14, 2006) (holding that the PTSA does not preempt conversion and other Pennsylvania common law tort claims); Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc., 295 F. Supp. 2d 430, 437 (D. Del. 2003) (applying California law and holding that the California Trade Secrets Act does not preempt common law tort claims).[3]

In Roger Dubois, plaintiff, a luxury watch distributor, alleged that one of its employees had attempted to set up his own luxury watch business by selling watches bearing the company trademark without company approval, and bribing another company employee in order to obtain customer records.  Id. at *1.  Plaintiff brought suit alleging conversion and misappropriation of confidential business information and trade secrets under the PTSA.  Id.  Defendant moved to dismiss the conversion claim as preempted and the court denied the motion.  Id. at *4.  In denying the motion, the court observed that the "problem" it faced was that there had "been no determination at this juncture as to which confidential and/or proprietary information, if any, can be considered a trade secret as that term is defined in the [PTSA]."  Id.

The Callaway Golf court also declined to dismiss a conversion claim as preempted where

---

[3] See also Stone Castle Fin., Inc. v. Friedman, Billings, Ramsey & Co., 191 F. Supp. 2d 652, 659 (E.D. Va. 2002); S & S Computers and Design, Inc. v. Paycom Billing Servs., Inc., 2001 WL 515260. at *3 (W.D. Va. Apr. 5, 2001); Combined Metals of Chicago, Ltd. v. Airtek, Inc., 985 F. Supp. 827, 830 (N.D. Ill. 1997); Burbank Grease Servs., LLC v. Sokolowski, 717 N.W.2d 781, 794 (Wis. 2006).

a trade secrets act claim was alleged.  295 F. Supp. 2d at 437.  The plaintiff in Callaway Golf alleged that certain of defendant's golf balls infringed on plaintiff's patent, and defendant counterclaimed that plaintiff had misappropriated its trade secrets.  Id.  In denying plaintiff's motion to dismiss the tort counts of the counterclaim, the Callaway Golf court, applying California law,[4] wrote that "until it is shown that the information is entitled to trade secret protection, it is premature to rule whether Dunlop's claims of conversion, unjust enrichment, patent title and negligence are preempted under [the California Trade Secrets Act]."  Id. at 437.  The Callaway Golf court also noted that plaintiff "disputes that the information constitutes protected trade secrets."  Id.

The Court finds that the cases holding that the Trade Secrets Act does not preempt common law tort claims when it has yet to be determined whether the information at issue constitutes a trade secret take the better approach.  Preempting plaintiff's conversion claim at the motion to dismiss stage risks leaving the claimant is without a remedy for information he proves has been stolen.  For example, in this case, if the Court were to dismiss plaintiff's conversion claim and later make the finding that, although plaintiff had proved that defendants took its pricing structure and business proposals, such information was not a protected trade secret under the PTSA, the Court would be in the difficult position of telling the plaintiff that it had no remedy.

The cases holding that the Trade Secrets Act does not preempt tort claims focus on this dilemma.  As the court in the Eastern District of Virginia stated in Stone Castle:

> [i]n reviewing the decisions of district courts within this Circuit as well as decisions

---

[4] The preemption provision of the California law and its exceptions are identical to the PTSA.

-6-

> from other jurisdictions, the Court has identified a distinct thread common to all. Specifically, where courts have found preemption on a motion to dismiss, they repeatedly establish that the information in issue-as-alleged-constitutes trade secrets before reaching the preemption question.

191 F. Supp. 2d at 658-59.  Framing the issue in this manner suggests that it may be appropriate to dismiss the tort claims as preempted at the summary judgment stage, thus allowing the case to proceed without prematurely foreclosing a remedy to plaintiff, but also without precluding defendant from asserting the preemption argument at a later stage in the litigation.

The cases finding preemption tend to focus on the intent of the drafters of the various trade secrets acts to provide a uniform remedy for theft of trade secrets.  See, e.g., Mortgage Specialists, Inc. v. Davey, 904 A.2d 652, 664 (N.H. 2006) (concluding that the New Hampshire Trade Secrets Act preempts tort claims when "viewed in the context of the overall legislative scheme and construed in a manner that effectuates the purpose of making uniform the law among states that have adopted the UTSA").  This Court respectfully declines to join other courts in the assumption that the legislatures adopting the act intended to remove liability for any theft of non-trade secrets.  It seems unwise to impute such intent to the legislature without a clear statement. Pennsylvania law provides that in "ascertaining the intention of the General Assembly in the enactment of a statute" it may be presumed that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."  1 Pa. C.S.A. § 1922.  Moreover, when interpreting legislative intent, Pennsylvania courts are mindful that "[s]tatutes are never presumed to make any innovation in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provision."  In re Holton's Estate, 159 A.2d 883, 886 (Pa. 1960) (citations and quotations omitted); see also  Pennsylvania Banker's Assn. v.

Pennsylvania Dept. of Banking, 893 A.2d 864, 871 (Pa. Commw. Ct. 2006).  In other words, without clear intent, it should not be assumed that the Pennsylvania legislature's enactment of the PTSA was intended to abrogate common law conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant.

The Court is also not persuaded by the double-liability concern that a plaintiff could potentially recover under a common law claim for the same set of facts that entitles him to recovery under the PTSA.  This danger may be addressed at the summary judgment stage, where a court may appropriately make a finding as to whether the information in question is a trade secret, or even in the jury instruction, where a court could charge a jury to award liability in tort if it finds the information is not a statutorily protected trade secret and under the PTSA if it finds that the information is a trade secret.

The Court therefore holds that defendants' motion to dismiss is denied.[5]

## OTHER CONTESTED ISSUES

Defendants' motion to dismiss presents two other issues that are relatively straightforward and may be resolved without extended discussion.  First, defendant requests that the claims against "Innovation" be stricken as Innovation is just a trade name for "Jones & Carpenter."  Plaintiff counters that it is too early in the case to know whether or not defendant's statement is accurate.  Because this dispute is before the Court on a 12(b)(6) motion, plaintiff's contention that Innovation is a separate entity will be taken as true and defendants' motion to strike will be denied.  Second, defendant requests that the court strike an errant reference to a

---

[5] Plaintiff also claims that defendants improperly converted a laptop hard drive.  See Second Amd. Compl. at ¶ 24.  Defendants dispute this claim, thus creating an additional contested allegation on which plaintiff is entitled to present evidence of conversion.

"conspiracy" in the second amended complaint.  Plaintiff alleged conspiracy in its original complaint.  Plaintiff does not oppose this request and it is granted as unopposed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CENVEO CORPORATION | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-2632 |
| GEORGE SLATER, ET AL. | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this     day of February, 2007, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss Count III of Plaintiff's Second Amended Complaint for failure to state a claim (Document No. 43) is DENIED for the reasons stated in the above memorandum.

2. Defendants' Motion to Strike claims against Innovation Printing is DENIED for the reasons stated above.

3. Defendants' Motion to Strike reference to a "conspiracy" is GRANTED as unopposed.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.